*348 BARKETT, Circuit Judge.
Fred Wade appeals his conviction and 262-month total sentences for possession and receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (a)(5)(B).. Wade pled guilty following a plea colloquy with the district court in which the court advised Wade that (1) he was not required to plead guilty and, (2) by entering a plea of guilty, he would be waiving certain rights, which the court listed. At the sentencing hearing, Wade stipulated that certain testimony relating to his uncharged sexual molestation of a minor female and a minor male was true. The government proffered additional testimony from an investigating police officer relating to an uncharged report by a separate minor female that Wade had sexually molested her — an allegation which Wade denied. Based on this testimony, the district court found “at least three instances with at least three separate victims of lewd and lascivious acts [by Wade] with a child under the age of 14” that did not result in a criminal conviction. The district court then upwardly departed from the federal sentencing guidelines, finding that Wade’s criminal history category (as set forth in Wade’s presentence investigation report) did not adequately reflect the “seriousness of [Wade’s] past criminal conduct or the likelihood that [Wade] will commit other crimes.” It also increased the offense levels for the convictions, finding that placing Wade within the highest category of criminal history would still be “inadequate” to sentence him appropriately.
On appeal, Wade raises for the first time two arguments tied to the Supreme Court’s decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). First, Wade argues that the district court’s enhancement of his sentence based on a judicial determination of past uncharged criminal conduct violated his Sixth Amendment rights under Booker/Blakely. Second, Wade argues that because he did not knowingly and voluntarily waive his right to have all facts proven to a jury beyond a reasonable doubt, his plea was involuntary. Because we find no merit in either contention, we affirm his sentence and plea.
Because Wade failed to raise his Booker arguments before the district court, we review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.2005). Thus, we may not correct an error not raised below unless: (i) there is error; (ii) that is plain; and (iii) that affects substantial rights. Id. citing United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). If these conditions are met, we then have the discretion to correct the error where it “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id.
Because the district court enhanced Wade’s sentence based on its determination of facts that Wade did not admit, there is Booker error. See Booker, 125 S.Ct. at 756 (“Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty ... must be admitted by the defendant or proved to a jury beyond a reasonable doubt.”). That error is now plain. However, in order to satisfy the- third prong of the plain error test, the defendant must demonstrate a reasonable probability that the error affected the outcome of the district court proceeding. United States v. Dominguez Benitez, 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). While the defendant satisfies this requirement where he points to evidence suggesting that the district court would have been *349 inclined to impose a lower sentence were the sentencing guidelines advisory, United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005), the third prong is not met where the probability that the district court would impose a reduced sentence merely equals the probability of an increased or identical sentence under an advisory guidelines scheme. Rodriguez, 398 F.3d at 1301.
In this case, Wade can point to no evidence suggesting that the district court would be likely to impose a different sentence under the guidelines that Booker has rendered advisory. Indeed, the district court found that because the defendant’s criminal history was inadequately represented by his guidelines range, an upward departure by two criminal history categories and one offense level was necessary to “accurately represent the seriousness of the defendant’s past criminal conduct and his likelihood to commit other crimes.” R. 55 at 40: 5-7. Furthermore, though the resulting guideline range permitted a sentence ranging from 210 to 262 months’ imprisonment, the district court imposed a 262 month sentence, explaining that “a sentence at the high end of the guideline range ... is appropriate considering the defendant’s conduct ... [and] considering the public’s need and the need for punishment as to this particular defendant.” R. 55 at 40: 15-23. Under these circumstances, and after a searching review of the record, we conclude that Wade cannot demonstrate any reasonable probability that in a sentencing proceeding free from Booker error the outcome would differ.
Similarly, we find no reversible error in Wade’s plea colloquy. While Wade concedes that he understood the nature of the charges against him, and was free from coercion, he argues that his plea was involuntary solely because he was never advised of his Sixth Amendment Blakely (now Booker) right to have every fact proved to a jury beyond a reasonable doubt. However, Wade was sentenced under the then-applicable mandatory guidelines system which was both described in his plea agreement and expressly explained by the district court during the plea colloquy. Furthermore, “a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.” Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); see also, United States v. Sahlin, 399 F.3d 27, 31 (1st Cir.2005) (holding that defendant’s plea was voluntary notwithstanding the effect of Booker, as “the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a plea”). The Booker and Blakely decisions thus fail to render Wade’s plea involuntary.
AFFIRMED.